MOYE v. STOBAUGH.

4-5698                              135 S. W. 2d 334

Opinion delivered December 11, 1939.

*Gordon Armitage,* for appellant.

*Opie Rogers,* for appellee.

SMITH, J.   John Moye and Eardie Shannon, trading as partners under the firm name of Moye Electrolux Company, sold a refrigerator known as an Electrolux to R. J. Stobaugh. In part payment, Stobaugh delivered to his vendors an electric refrigerator which he owned and a typewriter also, the two articles being of the agreed value of $147.50. The contract of sale recited that it was

made upon consideration of this cash payment of $147.50 and 36 consecutive monthly payments thereafter to be made of $5 each. Title was reserved, and the contract provided that if deferred payments were not made when due, the unpaid balance should at once become due, and that the vendors might retake possession of the refrigerator, without notice or demand, by process of law or otherwise, and should retain all payments which had been made for the use of the refrigerator, the vendee waiving "All claims, damages and demands arising out of the repossession."

The testimony is in irreconcilable conflict as to whether the refrigerator was adapted to the purpose for which it was sold—that of refrigerating. This is the principal and the controlling question in the case, and, if it were conceded that this question had been decided contrary to the preponderance of the evidence, it cannot be said that the testimony is insufficient to support the verdict of the jury.

Stobaugh made default in his payments, and the vendors took possession of the refrigerator, and the testimony is conflicting as to whether it had been voluntarily surrendered. The testimony on Stobaugh's behalf is to the effect that he surrendered possession upon the promise and agreement that another refrigerator would be furnished.

After possession of the refrigerator had been taken by the vendors, Stobaugh brought suit to recover the value of his electric refrigerator and his typewriter. There was a verdict and judgment in his favor for the sum of $70, from which is this appeal.

The contract of sale of the refrigerator has not been abstracted, although excerpts from it are copied; but it is conceded that it contained no express warranty, and the court charged the jury in effect that a warranty could not be engrafted upon the contract by parol testimony. It is insisted, however, that this was done by permitting testimony to be offered to the effect that the refrigerator would not refrigerate.

Such testimony was admitted, it being to the effect that the box would not refrigerate, and that appellants were unable to make it do so. About a week after it had been installed, a second but smaller refrigerator was taken to Stobaugh's home, but appellants carried it away. Appellants brought a third box and offered to install it, but it was bursted on the side, and was soiled, and it, too, was carried away. A burner used in the refrigerating process was taken from the third machine, and put in the original machine, but it still would not operate. Stobaugh testified that he was promised a new box, but it was not furnished, whereupon this suit was brought.

It is insisted that the refrigerator was a well-known and standard article of commerce, bought after inspection, and that there was, therefore, no implied warranty that it would answer the specific purpose for which it was purchased. The law was so declared in the case of *General Motors Acceptance Corporation* v. *Jerry,* 181 Ark. 771, 27 S. W. 2d 997, and in the cases there cited. It was said in the opinion in the Jerry case, *supra,* that, while there was no warranty that a well-known and definite article of commerce in general use would answer the purpose of the purchaser, there was a warranty against defects in the machine.

The testimony on Stobaugh's behalf, whether true or false, (which was, of course, a jury question), was to the effect that the machine would not refrigerate, and could not be made to do so after frequent attempts. Under this testimony, Stobaugh had the right, after the refrigerator had been taken from his possession, to recover the portion of the purchase money which he had paid. It was held in the case of *Dyke* v. *Magdalena,* 171 Ark. 225, 283 S. W. 374, (to quote the third headnote in that case) that "One who purchased a refrigerator for the purpose of preserving meats is entitled to recover a cash payment on the refrigerator proving worthless, though he had agreed that such payment should be retained for rent and wear and tear in case of default in further payments."

The testimony is legally sufficient to sustain Stobaugh's contention, and, as no error appears, the judgment must be affirmed, and it is so ordered.